UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DAVID LOPEZ-ALMONTE,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

CASE NO. 2:26-cv-03785-JHC

ORDER

## I

## INTRODUCTION

This matter comes before the Court on David Lopez-Almonte's Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has reviewed the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the Petition. Dkt. # 1.

## II

## BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection in 2000. Dkt. # 1 at 4. Petitioner is married and has four children, all of whom are United States

citizens. *Id.* at 5. Petitioner owns a landscaping and yard care business that he started with his wife. *Id.*

In 2004, Petitioner was arrested and convicted for second degree theft. Dkt. # 5 at 1. On June 13, 2026, Petitioner was arrested for reckless driving and driving under the influence (DUI).[1] *Id.* at 2. The criminal information indicates that Petitioner had a blood alcohol content (BAC) of .15 or more. Dkt. # 1-2 at 117. The state court released Petitioner from custody. *Id.* at 115.

On July 8, 2026, ICE arrested and detained Petitioner while he was in his vehicle. Dkt. # 6-3 at 3. On September 18, 2026, Petitioner received a bond hearing. Dkt. # 1-3. The immigration judge (IJ) denied Petitioner bond, finding that he was a danger to the community. *Id.* The only written record of the decision is a check-box form, but Respondents submitted an audio recording of the hearing. *See id.*; Dkt. # 6-1.

After reviewing the submitted exhibits and hearing from both parties, the IJ found that Petitioner did not meet his burden to demonstrate that he was not a danger to the community. Dkt. # 6-1 at 16:45-17:26. The IJ relied on Petitioner's recent DUI arrest for this finding, noting that while Petitioner did not have a repetitive history of DUIs, the only information about the arrest was that Petitioner had a high BAC of .15. *Id.* at 16:00-16:30. The IJ determined that Petitioner's 2004 misdemeanor theft conviction was mitigated by both its nature and timing, so it did not contribute to the danger finding. *Id.* at 16:34-16:45. The IJ acknowledged that Petitioner had put together a "good package" and said that the decision was "a close call," but ultimately denied bond. *Id.* at 17:57.

---

[1] Respondents state that the DUI charge was dismissed and the reckless driving charge is still pending. Dkt. # 5 at 2. Petitioner says he is uncertain how Respondents came to this conclusion. Dkt. # 8 at 9 n.1.

On September 29, 2026, an IJ found Petitioner inadmissible and denied his request for cancellation of removal, but granted his application for post-conclusion voluntary departure. Dkt. # 1-4. Petitioner is currently detained at the Northwest ICE Processing Center (NWIPC). Dkt. # 1 at 3. Petitioner has two minor children and provided evidence that one of his daughters has depression, anxiety, and panic attacks and relies on Petitioner for support. *Id.* at 5; Dkt. # 1-2 at 51-55. Petitioner is also the primary financial supporter of his family, and the family business he operates is not "making any money" during his detention. Dkt. # 1 at 16-17.

## III

## DISCUSSION

Federal district courts may grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c). "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### A. Administrative Exhaustion

Respondents argue that the Court should require Petitioner to exhaust his administrative remedies before seeking habeas relief. Dkt. # 4 at 4-9.[2]

For habeas claims, "[t]he exhaustion requirement is prudential, rather than jurisdictional[.]" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). In determining whether prudential exhaustion is required, courts typically begin by considering the "*Puga*

[2] Respondents argue that in the alternative, the Court should stay these proceedings for a minimum of 30 days so the IJ can issue a written memorandum. Dkt. # 4 at 2. The Court denies this request. The IJ was required to provide his legal reasoning when he denied bond. 8 C.F.R. § 1003.19(f) ("The determination of an Immigration Judge with respect to custody status or bond redetermination shall be entered on the appropriate form at the time such decision is made and the parties shall be informed orally or in writing of the reasons for the decision."); *see Sabillon Munoz v. Scott*, 2026 WL 2694273, at *4-5 (W.D. Wash. Sept. 14, 2026) (denying the same request).

factors." These factors are: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). But "even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement" if at least one of the "*Laing* factors" applies. *Hernandez*, 872 F.3d at 988. Such factors are: "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Court concludes that Petitioner has met his burden of showing irreparable injury under *Laing*. Respondents argue that Petitioner has failed to articulate irreparable harm unique to him as required under *Laing*. Dkt. # 4 at 7-8. But courts in this District have "repeatedly found" that requiring detained noncitizens who bring petitions challenging their bond denial "to wait for BIA review while in custody will 'inflict the kind of harm that the bond hearing was designed to prevent—that is, prolonged detention without meaningful process'—and that such harm satisfies 'irreparable injury' under *Laing*." *Cardoza-Garcia v. Hernandez*, 2026 WL 2294541, at *3 (W.D. Wash. Aug. 10, 2026) (quoting *Garcia Miranda v. Hernandez*, 2026 WL 1328227, at *3 (W.D. Wash. May 13, 2026)); *see also Roberts v. Scott*, 2026 WL 2071146, at *4 (W.D. Wash. July 17, 2026) (finding that petitioner would have suffered irreparable injury "during the long wait" for BIA appeal of her bond denial). Petitioner also articulates several

reasons why continued detention would cause irreparable harm unique to him, as his daughter relies on his support for her mental health, and his family relies on him financially.

Accordingly, the Court concludes that this case warrants waiver of the prudential exhaustion requirement and proceeds to the merits.

B. Due Process

Petitioner argues that the IJ abused his discretion by finding him a danger to the community and denying bond without explaining "why one pending charge for a DUI outweighs the overwhelming evidence of Petitioner's good character and strong community ties." Dkt. # 8 at 11. Petitioner also argues that the record does not support the IJ's dangerousness finding. Dkt. # 1 at 10.

A habeas court has jurisdiction to review an IJ's bond determination for an abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784-85 (9th Cir. 2024). "Under an abuse of discretion standard, [a federal court] cannot reweigh evidence . . . but can only determine whether the [immigration court] applied the correct legal standard." *Id.* (citation modified). And while the administrative scheme clearly "contemplates discretionary bond determinations by IJs—not federal district courts"—it is also true that "[b]ond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case." *Calderon v. Mullin*, 2026 WL 1487774, at *2 (W.D. Wash. May 28, 2026); *Soto Gimenez v. Hernandez*, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026).

When making bond determinations, IJs may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the

> alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Ascencio-Zetino v. Scott*, 2026 WL 2686835, at *4 (W.D. Wash. Sept. 14, 2026) (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

While a noncitizen's criminal record is relevant for an IJ's bond assessment, "the recency and severity of the offenses must be considered." *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011). "Courts in this district have found that IJs abuse their discretion when they base a dangerousness finding on the mere existence of past arrests for minor, nonviolent offenses without explaining how these remote arrests outweigh the overwhelming evidence of a noncitizen's good character and community ties." *Sabillon Munoz v. Scott*, 2026 WL 2694273, at *6 (W.D. Wash. Sept. 14, 2026) (citation modified). Accordingly, IJs must "meaningfully engage with contrary evidence and a failure to do so constitutes an abuse of discretion." *Medina Romero v. Hernandez*, 2026 WL 2568562, at *4 (W.D. Wash. Aug. 31, 2026).

The IJ here relied on the fact that Petitioner had a DUI arrest with an allegedly high BAC to find dangerousness. But Petitioner provided the IJ with a "332-page packet including evidence of stable residence and employment, numerous years of tax records, letters of support, proof of many years of donations to his church, evidence that his family will suffer hardship if he remains detained or is removed from the country, and a guarantee of sponsorship from a U.S. citizen." Dkt. # 8 at 9. The IJ did not explain how evidence of a single, pending DUI charge outweighed this significant evidence of Petitioner's good character and community ties. *See Sabillon Munoz*, 2026 WL 2694273, at *6 (finding an abuse of discretion where an IJ denied bond based on a single, pending DUI charge because "something more than the simple fact or a criminal arrest or charge is required for a finding that a person poses a danger—but nothing more

than a single arrest and charge appears in the record here"); *Calderon-Rodriguez v. Wilcox*, 374 F. Supp. 3d 1024, 1036 (W.D. Wash. 2019) (finding an abuse of discretion where petitioner had several years-old DUI convictions and the IJ failed to consider evidence in the record that petitioner was now sober, would continue alcohol addiction treatment if released, and could be released on the condition that he refrain from operating motor vehicles); *Montero-Cruz v. Scott*, 2026 WL 3060006, at *6 (W.D. Wash. Oct. 13, 2026) (finding an abuse of discretion in part because the IJ "failed to meaningfully acknowledge, discuss, or engage with Petitioner's evidence tending to support bond"); *see also Hernandez v. Scott*, 2026 WL 2814250, at *2 (W.D. Wash. Sept. 20, 2026); *Grant v. Blanche*, 2026 WL 3093671, at *4 (W.D. Wash. Oct. 16, 2026); *Gallego Soto v. Hernandez*, 2026 WL 3181171, at *5 (W.D. Wash. Oct. 23, 2026); *Perez Velasquez v. Bondi*, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (finding an abuse of discretion where an IJ "failed to mention highly probative evidence" indicating petitioner was not a flight risk). Nor did the IJ acknowledge that the state court released Petitioner from custody before his immigration detention, demonstrating its belief that Petitioner did not pose a danger to the community. *See Sabillon Munoz*, 2026 WL 2694273, at *6.

Accordingly, while perhaps a close call, the IJ exceeded the bounds of discretion by relying solely on Petitioner's nonviolent, misdemeanor DUI arrest to find dangerousness and deny bond without engaging with other evidence.

Regarding Petitioner's remedy, federal courts have a "fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Courts in this District have granted such relief in similar circumstances, concluding that petitioners are entitled to immediate release when their due process rights have been violated due

to an IJ's abuse of discretion in denying bond. *See Sabillon Munoz*, 2026 WL 2694273, at *7; *Hernandez*, 2026 WL 2814250, at *3.

## IV

## CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 1) and ORDERS that Petitioner be released from custody within 24 hours of this Order, subject to reasonable conditions. Upon Petitioner's release, Respondents must return his personal property, including personal identification documents (other than a passport) and employment authorization documents.

Petitioner also requests attorney fees and costs under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412(d)(1)(A). To be eligible for fees under the EAJA, a petitioner must submit an application within 30 days of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B). Accordingly, Petitioner may file a motion with such request no later than November 28, 2026.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 30th day of October, 2026.

John H. Chun
United States District Judge